

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable D. F. Witherspoon
County Attorney
Maverick County
Eagle Pass, Texas

>Opinion No. O-6869
>
>Re: May a livestock owner now
>have, use and record more
>than one brand?

Dear Sir:

We have received your letter of October 5, 1945, which we quote, in part, as follows:

"The 49th Legislature, in May 1945, amended Article 6899, by adding thereto Section la, which, among other things, provided that where the words 'brand and/or mark are used singularly, such words or languages shall be considered as having a plural meaning and interpretation, so that hereafter any legal owner may have and own and record one or more brands and/or marks by otherwise complying with all the other provisions of this article.'

"(Question 1) Does this mean that any person in addition to the recordation of more than one mark or brand, may use more than one mark or brand?

"(Question 2) Does this, in your opinion, nullify Article 1484 of the Penal Code, which among other things, provides a penalty for using more than one mark or brand?

"I am attaching hereto my opinion to the County Clerk, of Maverick County, Texas, dated September 28, 1945, and making it a part hereof, of this request."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Article 6899 of Revised Civil Statutes, 1925, originally provided that only recorded brands were evidence of ownership of the cattle, horses or mules upon which they were used. However, this statute was repealed by Acts, 1929, 41st Leg., p. 55, Ch. 22, Sec. 1. The 48th Legislature, by Acts, 1943, P. 471, Ch. 315, created a new Article 6899, which reads as follows:

"Section 1. That Chapter 1, Title 121, Revised Civil Statutes of Texas, 1925, be amended by adding after Article 6898 an Article numbered 6899 to read as follows:

"'Article 6899.

"'All records of marks and brands heretofore made as provided in this Chapter, except all county brands, shall become void and of no force and effect on the 1st day of October, 1943, and every person who has cattle, hogs, sheep, or goats shall have his mark and brand recorded or re-recorded in accordance with Article 6890 and Article 6898.

"'The legal owner of a brand and/or mark shall have a preferential right to record such brand and/or mark for a period of two (2) years from the 1st day of October, 1943, but if such preferential right is not exercised within such two (2) years the same shall be forfeited and such brand and/or mark shall be subject to registration by any person, and the first person to record the same shall be the owner of the same.

"'Any brand recorded in accordance with the requirements of this Act shall be considered as the property of the person causing such record to be made and shall be subject to sale, assignment, transfer, devise and descent the same as other personal property.

"'Any person may record such brand and/or mark as he may desire to use provided no other person has

recorded such brand and/or mark, without regard to whether or not such person has previously recorded a brand and/or mark.

"'This Act shall not apply to any county which shall have re-recorded all brands and marks within the past five (5) years.'"

The above Act was amended by Acts, 1945, 49th Legislature, P. 321, Ch. 235, Sec. 1, in the following language.

"'Sec. la. At any place in the above and foregoing section of Article 6899 where the words "brand and/or mark" are used singularly, such words or language shall be construed as having a plural meaning and interpretation, so that hereafter any legal owner may have and own and record one or more brands and/or marks by otherwise complying with all the other provisions of this Article.'

"Sec. 2. Except as is amended in 'Section la', above, all the other provisions, words, and language of Article 6899 are hereby re-enacted.

"Sec. 3. All laws or parts of laws in conflict herewith are hereby expressly repealed.

"Sec. 4. The fact that there has been much confusion as to the meaning of the words 'brand and/or mark', and the further fact that the Attorney General of the State of Texas has construed the Act so as to give a singular meaning to such words and language, and the further fact that there is a great necessity on the part of the owners of livestock to own and record more than one brand and/or mark, creates an emergency . . . ."

As seen from the emergency clause, Section 4, above, there was a necessity on the part of owners of livestock to own and record more than one brand and/or mark, and consequently

Honorable D. F. Witherspoon - Page 4

the Legislature authorized the recordation and ownership of more than one. Although the word "use" is not specifically listed in the amendment, it would be impractical for a livestock owner to have, own and record more than one brand without the use of such brands.

Article 6899 reads that, "any person may record such brand and/or mark as he may desire to use . . ." (emphasis added), and the amendment of 1945, supra, provides that where the words "brand and/or mark" were used singularly, such words now have a plural meaning. Thus it is seen that when the language of the Act and the amendment thereto are construed together, an owner of livestock may use one or more brands, as well as record them.

The Legislature's power to enact laws is only limited by the restrictions of the State and Federal Constitution and federal laws. Similarly, the Legislature has the power to repeal a statute, subject to those same restrictions, either by express terms or necessary implication. Although the repeal of statutes by implication is not generally favored, a statute which clearly and manifestly conflicts with a former law to the extent that both cannot be enforced, operates as a repeal of the former statute by necessary implication. 59 C. J. 899, 900; 50 Am. Jur. Sec. 534, 536, 538, 542, 543; Gilmore v. Matthews, 122 S. W. (2d) 348 (error dismissed); Mingus v. Kadane, 125 S. W. (2d) 630 (error dismissed, judgment correct); Sutherland on Statutory Construction, Vol. 1, Sections 2011, 2012.

Although the 1945 amendment, supra, makes no express reference to Article 6890 (V.A.C.S.) and Article 1484 (Penal Code), its provisions conflict therewith. These two articles are set out below:

"Article 6890. Every person who has cattle, hogs, sheep or goats shall have an ear mark and brand differing from the ear mark and brand of his

Honorable D. F. Witherspoon - Page 5

neighbors, which ear mark and brand shall be re-
corded by the county clerk of the county where
such animal shall be. No person shall use more
than one brand, but may record his brand in as
many counties as he deems necessary." (Emphasis
added)

"Article 1484. Whoever in originally brand-
ing or marking cattle uses more than one mark or
brand shall be fined not less than twenty-five nor
more than one hundred dollars for each animal so
branded or marked."

The test for an implied repeal is whether or
not there is an irreconcilable conflict between an earlier
and a later statute. 50 Am. Jur.,Sec. 543. Applying the
test here, we find only an authorized use of but one brand
in the language of the earlier statute, and an express
authorized use of more than one brand in the words of the
later statute. Consequently, it is our belief that that
part of the concluding sentence of Article 6890 (emphasized
above) and the entire provisions of Article 1484, supra,
are in irreconcilable conflict with the provisions of the
later statute, Article 6899, supra, the latter being con-
trolling.

As the result thereof, only that portion of
Article 6890, emphasized above, is impliedly repealed as
it is the only matter repugnant to the subsequent statute.
50 Am. Jur., Sec. 543. And as the general rules applicable
to the repeal of statutes prevail with criminal as well as
civil statutes, Article 1484 (Penal Code) is impliedly re-
pealed in its entirety by the later legislative enactment
of Article 6899 with amendments. Sutherland on Statutory
Construction, Vol. 1, Sec. 2031.

Honorable D. F. Witherspoon - Page 6

We therefore answer both of your questions in the affirmative.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

APPROVED DEC 12, 1945

ATTORNEY GENERAL OF

By: Eugene Alvis
Eugene Alvis
Assistant

By: Jack K. Ayer
Jack K. Ayer

JKA:gb



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN